[No. D041023. Fourth Dist., Div. One. Dec. 12, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
CYNTHIA ANN JOHNSON, Defendant and Appellant.

COUNSEL

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Karl T. Terp and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

NARES, J.—This is an appeal from a judgment committing defendant Cynthia Ann Johnson to state prison for a term of 32 months after she repeatedly violated the conditions of two grants of probation under Proposition 36, the Substance Abuse and Crime Prevention Act of 2000 (the Act). Johnson contends (1) she was denied due process of law because the court prejudicially erred when it terminated her Proposition 36 probation; (2) she was denied her state and federal constitutional right to effective assistance of counsel because her counsel failed to ask the court to reinstate Proposition 36 treatment, failed to ask the court to dismiss her prior strike in the interest of justice, and improperly stipulated to a state prison term of 32 months without her consent in open court; and (3) during sentencing, the court erroneously increased her restitution fine to $800 from the previously imposed amount of $200. The People concede the court erred by increasing Johnson's restitution fine to $800.

We reject Johnson's first two contentions. We hold the court properly revoked Johnson's Proposition 36 probation because substantial evidence established that she had violated a "non-drug-related" condition of her Proposition 36 probation within the meaning of Penal Code[1] section 1210.1, subdivision (e)(2) by failing to report to her probation officer for an assessment of whether she was satisfactorily complying with the non-drug-related conditions of her probation. We also hold that Johnson was ineligible for reinstatement of her Proposition 36 probation under section 1210.1, subdivision (b)(4), as her repeated failure to commence court-ordered drug treatment evinced an unequivocal refusal to undergo drug treatment. We further conclude, however, that the judgment must be modified to reduce each of Johnson's restitution and suspended parole revocation fines from $800 to $200. We affirm the judgment as modified.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

## FACTUAL BACKGROUND[2]

At the time of her sentencing in this matter in September 2002, Johnson was 45 years of age, unemployed, with a history of paranoid schizophrenia, drug abuse, and a drinking problem.

On January 4, 2002, a police officer searched Johnson based on her consent, and found a yellowish piece of a rocky substance. The substance was later determined to be 0.21 grams of cocaine base.

## PROCEDURAL BACKGROUND

This matter arose in January 2002,[3] when the San Diego County District Attorney filed a felony complaint charging Johnson with possession of a controlled substance (cocaine base) in violation of Health and Safety Code section 11350, subdivision (a). The complaint also alleged that Johnson had suffered a prior "strike" conviction of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) within the meaning of the three strikes law (§ 667, subds. (b)–(i)).[4]

On January 16, under a plea bargain, Johnson waived her constitutional rights, pleaded guilty as charged, and admitted the prior strike in exchange for the People's agreement to not oppose her request to be granted drug treatment probation under Proposition 36. The court suspended imposition of sentence, placed Johnson on formal probation for three years on the standard terms and conditions for participation in the Proposition 36 treatment program, and imposed a $200 restitution fine. The court set a review hearing for March 6.

### First Revocation and Reinstatement of Proposition 36 Probation

Johnson violated the conditions of her Proposition 36 probation. On March 6, the San Diego County Probation Department filed a probation violation report (the March 6 probation violation report) alleging Johnson had failed to enroll in the court-ordered drug treatment program and had failed to report to the probation department. That report also alleged that Johnson had failed to complete intake in two previous grants of Proposition 36 probation and had twice been found in violation of the conditions of those grants of probation for failure to participate in and complete a drug treatment program and

---

[2] The following facts are taken from the probation report filed on September 23, 2002.

[3] All further dates refer to calendar year 2002 unless otherwise specified.

[4] The record shows that Johnson struck the victim over the head with an empty beer bottle because she was angry she had left her beer and believed the victim drank it. The closing of the wound required 14 stitches.

for failure to maintain contact with the probation officer. The March 6 probation violation report recommended that the court revoke probation and impose sentence on the ground Johnson was not amenable to drug treatment.

At the March 6 review hearing, the court summarily revoked Johnson's Proposition 36 probation for her failure to appear at that hearing and for her failures to report to the probation officer and enroll in a drug treatment program. The court issued a bench warrant for her arrest.

Appearing on the bench warrant on April 24, Johnson admitted violating her Proposition 36 probation. The court formally revoked that probation, but reinstated it on the same terms and conditions and set a review hearing for May 22.

### Second Revocation of Proposition 36 Probation

Johnson also violated the conditions of her reinstated Proposition 36 probation. On May 22, the probation department prepared a probation violation report (the May 22 probation violation report) alleging Johnson had violated her Proposition 36 probation by failing to report to the probation department and by failing to enroll in the court-ordered drug treatment program. That report, like the March 6 probation violation report, concluded that Johnson was not amenable to drug treatment and recommended that the court revoke her Proposition 36 probation and grant her non-Proposition 36 probation under section 1203.

Johnson failed to appear at the May 22 review hearing. The court summarily revoked her Proposition 36 probation and issued a bench warrant for her arrest.

On July 24, with Johnson appearing on the bench warrant, the court noted that her Proposition 36 probation remained summarily revoked, remanded her to local custody, and set an evidentiary hearing for August 9.

On August 9, Johnson waived her right to an evidentiary hearing and admitted she had violated the conditions of her probation by failing to appear at the May 22 review hearing and by failing to report to the probation officer after the April 24 hearing. The court formally revoked Johnson's Proposition 36 probation and set a sentencing hearing.

### Sentencing

At the sentencing hearing on September 27, the court found that Johnson was ineligible for probation under section 1203 because she had admitted

a strike prior conviction within the meaning of section 667, subdivision (c)(2). The court found, as one of several sentencing factors in aggravation, that Johnson "ha[d] engaged in violent conduct in the past, which indicate[d] a serious danger to society." In accordance with a stipulation between the parties, the court sentenced Johnson to the lower prison term of 16 months, doubled to 32 months under the three strikes law (§ 667, subds. (b)–(i)). The court imposed a restitution fine of $800 (§ 1202.4, subd. (b)), and a suspended parole revocation fine of $800 (§ 1202.45). Johnson's timely appeal followed.

## DISCUSSION

## I.

### *TERMINATION OF PROPOSITION 36 PROBATION*

Johnson first contends she was denied due process of law because the court prejudicially erred when it did not reinstate her Proposition 36 probation after revoking it the second time, on August 9, based on both her admitted failure to report to the probation officer after the first revocation and reinstatement of Proposition 36 probation on April 24, and on her admitted failure to appear at the May 22 review hearing. We conclude the court properly terminated Johnson's Proposition 36 probation and did not violate her right to due process.

### A. *Overview of Proposition 36*

In *People v. Floyd* (2003) 31 Cal.4th 179 [1 Cal.Rptr.3d 885, 72 P.3d 820], the California Supreme Court recently explained that Proposition 36 "amended state law to require that certain adult drug offenders receive probation, conditioned on participation in and completion of an appropriate drug treatment program, instead of receiving a prison term or probation without drug treatment." (*People v. Floyd, supra,* 31 Cal.4th at p. 183, citing § 1210.1, discussed, *post.*) "The Act took effect on July 1, 2001, and is codified in Penal Code sections 1210, 1210.1 and 3063.1, and in division 10.8 (commencing with § 11999.4) of the Health and Safety Code." (*People v. Murillo* (2002) 102 Cal.App.4th 1414, 1417 [126 Cal.Rptr.2d 358].)

"The manifest purpose behind Proposition 36 was to divert into treatment those persons whose *only* offenses were *nonviolent drug possession offenses.* Proposition 36 explained its intent, among other things, to (1) 'divert from incarceration into community-based substance abuse treatment programs

nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses'; and (2) 'enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies.' " (*People v. Goldberg* (2003) 105 Cal.App.4th 1202, 1208 [130 Cal.Rptr.2d 192], quoting Prop. 36, § 3, second italics added.)

Section 1210.1, subdivision (a) provides in part that, subject to the exceptions set forth in subdivision (b) of that section, "any person convicted of a nonviolent drug possession offense *shall* receive probation" (italics added) for mandatory drug treatment. Thus, if a defendant convicted of a nonviolent drug possession offense only is not ineligible under subdivision (b) of section 1210.1, a court may not impose on that defendant incarceration as an additional condition of probation. (*People v. Floyd, supra,* 31 Cal.4th at p. 183, citing § 1210.1, subd. (a).)

■ Proposition 36 contains several disqualifying exclusions. One such exclusion on which the People rely in the instant appeal is set forth in section 1210.1, subdivision (b)(1) (hereafter section 1210.1(b)(1)). That subdivision provides that Proposition 36 probation does not apply to "[a]ny defendant who previously has been convicted of one or more serious or violent felonies" as defined under the three strikes law "unless the nonviolent drug possession offense occurred after a period of five years [the five-year "washout" period] in which the defendant *remained free of* both *prison custody* and the commission of an offense [resulting] in . . . a felony conviction other than a nonviolent drug possession offense, or . . . a misdemeanor conviction involving physical injury or the threat of physical injury to another person." [5] (Italics added.) Thus, under section 1210.1(b)(1), as it pertains to the instant appeal, a prior strike conviction is disqualifying for purposes of Proposition 36 if the defendant fails to satisfy the five-year "washout" period provision.

Another exclusion on which the People rely is set forth in section 1210.1, subdivision (b)(4) (hereafter section 1210.1(b)(4)). That subdivision provides

---

[5] Section 1210.1(b)(1) provides: "(b) Subdivision (a) does not apply to either of the following: [¶] (1) Any defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person."

that Proposition 36 probation does not apply to "[a]ny defendant who refuses drug treatment as a condition of probation."[6]

"Anticipating that drug abusers often initially falter in their recovery, Proposition 36 gives offenders several chances at probation before permitting a court to impose jail time." (*In re Taylor* (2003) 105 Cal.App.4th 1394, 1397 [130 Cal.Rptr.2d 554] (*Taylor*).) Subdivision (e) of section 1210.1 governs violations and revocation of probation and has separate provisions for those who were placed on probation under Proposition 36 (§ 1210.1, subd. (e)(2) & (3)(A)–(C)) and those who were already on probation for "a nonviolent drug possession offense" when the Act became effective on July 1, 2001 (§ 1210.1, subd. (e)(3)(D)–(F)).

█ With respect to an offender, such as Johnson, who was placed on probation under Proposition 36, subdivision (e)(3)(A) of section 1210.1 provides that the *first* time the offender violates a "drug-related condition of probation," she is entitled to be returned to probation unless the People prove by a preponderance of the evidence that she "poses a danger to the safety of others."[7] Subdivision (f) of that section defines the term "drug-related condition of probation" to include "a probationer's specific drug treatment regimen, employment, vocational training, educational programs, psychological counseling, and family counseling."

█ The *second* time such an offender violates a drug-related condition of Proposition 36 probation, she is entitled under section 1210.1, subdivision (e)(3)(B) (hereafter § 1210.1(e)(3)(B)) to be returned to such probation unless the People prove by a preponderance of the evidence that she either "poses a danger to the safety of others," or is "unamenable to drug treatment."[8]

---

[6] Section 1210.1(b)(4) provides: "(b) Subdivision (a) does not apply to either of the following: [¶] . . . [¶] (4) Any defendant who refuses drug treatment as a condition of probation."

[7] Section 1210.1, subdivision (e)(3)(A) provides: "*If a defendant receives probation under subdivision (a), and violates that probation* either by committing a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210, or by violating a drug-related condition of probation, and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. *The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others.* If the court does not revoke probation, it may intensify or alter the drug treatment plan." (Italics added.)

[8] Section 1210.1(e)(3)(B) provides: "*If a defendant receives probation under subdivision (a), and for the second time violates that probation* either by committing a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210, or by

■ Only upon a *third* violation of a drug-related condition of probation does the offender lose the benefit of Proposition 36's directive for drug treatment instead of incarceration. Section 1210.1, subdivision (e)(3)(C) provides that if the third violation of a drug-related condition of probation is proved, the offender is "not eligible for continued probation under [Proposition 36]."[9] "Upon such a violation, the court regains its discretion to impose jail or prison time. [Citation.]" (*Taylor, supra,* 105 Cal.App.4th at p. 1398.)

■ Proposition 36 does not, however, extend repeated chances at probation to probationers who violate *non-drug-related* conditions of probation. "The first time a probationer violates such a condition, the court has discretion to incarcerate the person." (*Taylor, supra,* 105 Cal.App.4th at p. 1398, citing § 1210.1 subd. (e)(2).)[10]

B. *Analysis*

This ground for appeal is based on a series of related contentions. Johnson first asserts that the second revocation of her Proposition 36 probation on August 9 that resulted in her prison sentence was based on two violations of that probation: (1) her failure to report to the probation officer after the court revoked, and then reinstated, her Proposition 36 probation on April 24; and (2) her failure to appear at the May 22 review hearing, which she characterizes as a failure to appear in "drug court" within the meaning of *People v. Davis* (2003) 104 Cal.App.4th 1443 [129 Cal.Rptr.2d 48] (*Davis*). Next, she

---

violating a drug-related condition of probation, and the state moves for a second time to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. *The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence either that the defendant poses a danger to the safety of others or is unamenable to drug treatment.* In determining whether a defendant is unamenable to drug treatment, the court may consider, to the extent relevant, whether the defendant (i) has committed a serious violation of rules at the drug treatment program, (ii) has repeatedly committed violations of program rules that inhibit the defendant's ability to function in the program, or (iii) has continually refused to participate in the program or asked to be removed from the program. If the court does not revoke probation, it may intensify or alter the drug treatment plan." (Italics added.)

[9] Section 1210.1, subdivision (e)(3)(C) provides: "*If a defendant receives probation under subdivision (a), and for the third time violates that probation* either by committing a nonviolent drug possession offense, or by violating a drug-related condition of probation, and the state moves for a third time to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. *If the alleged probation violation is proved, the defendant is not eligible for continued probation under subdivision (a).*" (Italics added.)

[10] Section 1210.1, subdivision (e)(2) provides: "*If a defendant receives probation under subdivision (a), and violates that probation* either by being arrested for an offense that is not a nonviolent drug possession offense, or *by violating a non-drug-related condition of probation,* and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. *The court may modify or revoke probation if the alleged violation is proved.*" (Italics added.)

maintains that both of these violations were "drug-related" for purposes of applying Proposition 36, and therefore section 1210.1(e)(3)(B) (discussed, *ante*) applied, such that her Proposition 36 probation could not be revoked unless the People proved by a preponderance of the evidence either that she posed a "danger to the safety of others" or that she was "unamenable to drug treatment." She also claims that although she waived her right to an evidentiary hearing and admitted the two violations, she did not waive her right to an evidentiary hearing with respect to her amenability to drug treatment. She also contends that because the People presented no evidence, and the court made no finding at the August 9 probation revocation hearing with respect to the dangerousness and treatment amenability issues as required by section 1210.1(e)(3)(B), the court's revocation of her Proposition 36 probation was a violation of her due process rights. These assertions are unavailing.

The record shows that the court's second revocation of Johnson's Proposition 36 probation, on August 9, was based on her violation of a *non-drug-related* condition of probation, and thus the court had discretion under section 1210.1, subdivision (e)(2) to deny her another chance at Proposition 36 probation. As already discussed, that subdivision provides that if the probationer violates a "non-drug-related" condition of Proposition 36 probation, the court "may . . . revoke probation if the alleged violation is proved." (See fn. 10, *ante*.)

In *Taylor, supra,* 105 Cal.App.4th at pages 1398–1399, the Court of Appeal recognized that a probationer's reporting to a probation officer "may be a condition of probation for any number of reasons, *none of which is necessarily drug-related.*" (Italics added.) The *Taylor* court also explained that "not every appointment with a probation officer is drug-related. Probation officers may require defendants on probation for drug-related offenses to meet with them for non-drug-related purposes. For example, such appointments might be related to a probationer's obligation to maintain a residence or employment approved by the probation officer, participate in other types of counseling programs, and satisfactorily comply with probation generally. . . ." (*Id.* at p. 1399, fn. 7.)

Here, the record shows that Johnson pleaded guilty on January 16 to one count of possession of a controlled substance (cocaine base) in violation of Health and Safety Code section 11350, subdivision (a), a felony, and she admitted she had suffered a prior strike conviction of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) within the

meaning of the three strikes law. The court placed Johnson on Proposition 36 probation and ordered numerous conditions of probation, some of which were drug related and some of which were non-drug-related.

As shown by the checked boxes under the heading "ALCOHOL/DRUGS" on the court's January 16 judgment minutes, the drug-related conditions required Johnson (among other things) to "[p]articipate in and successfully complete a drug treatment program . . . "; "[f]ollow all rules, regulations and instructions of the drug treatment program . . . "; "[n]ot use or possess any controlled substance or solicit others to use or possess or associate with others who use or possess any controlled substance"; and "[w]henever requested by the Probation Officer, a law enforcement officer, the court ordered treatment provider or the Court, submit to any test for the use of controlled substances and/or alcohol . . . ."

As shown by the checked boxes under non-drug-related headings (such as "MISC." and "REFERRALS"), the January 16 judgment minutes also indicate that the non-drug-related conditions of Johnson's probation required her (among other things) to "[o]bey all laws"; "[n]ot possess any firearms, ammunition or deadly weapons"; "[r]eport any change of address or employment to the Probation Officer . . . within 72 hours"; and "[r]eport forthwith . . . to [t]he Probation [Department]." (Italics added.) The court also ordered Johnson to appear at a review hearing on March 6.

At the March 6 review hearing, the court summarily revoked Johnson's Proposition 36 probation based on her *failure to report to the probation officer*, as well as on her failure to appear at that hearing and her failure to enroll in a drug treatment program. Thereafter, on April 24, Johnson appeared on the bench warrant for her arrest that the court had issued on March 6 and admitted the probation violations. At that hearing, the court formally revoked Johnson's probation, but reinstated it *on the same terms and conditions* and set a review hearing for May 22. Johnson failed to appear at that hearing, and the court summarily revoked her Proposition 36 probation based on the probation department's May 22 probation violation report, which alleged that Johnson had violated the conditions of her probation by failing to enroll in the court-ordered drug treatment program and by failing to report to the probation department. The court also issued another bench warrant for her arrest.

Thereafter, on August 9, Johnson waived her right to an evidentiary hearing and admitted she had violated the conditions of her reinstated

Proposition 36 probation by failing to appear at the May 22 review hearing and by *failing to report to the probation officer* after the April 24 hearing. The court formally revoked Johnson's Proposition 36 probation and set a sentencing date.

The record demonstrates that after she pleaded guilty and admitted the prior strike, Johnson was twice placed on Proposition 36 probation subject to various non-drug-related conditions (discussed, *ante*), including the condition that she report to the probation officer. The record also shows the court formally revoked both grants of Proposition 36 probation not only because she failed to enroll in a court-ordered drug treatment program and appear at review hearings, but also because she never reported to the probation officer to show compliance with the various *non-drug-related* conditions of her probation. In light of her prior conviction of a violent felony, it was important that Johnson report to the probation officer for reasons other than assessing whether she was complying with the drug-related conditions of her probation.

Johnson relies on the recent decisions in *Davis, supra,* 104 Cal.App.4th 1443, and *Taylor, supra,* 105 Cal.App.4th 1394, for the proposition that, "[u]nder Proposition 36 probation, failure to report to probation has been considered part of a probationer's drug treatment regimen and thus a *drug* related condition of probation." Johnson implies that whenever a defendant is placed on Proposition 36 probation, the duty to report to the probation officer is always a drug-related condition of probation. Johnson's reliance on these decisions is misplaced because neither *Davis* nor *Taylor* supports such a proposition. As already discussed, the *Taylor* decision explicitly holds that a Proposition 36 probationer's reporting to a probation officer "may be a condition of probation for any number of reasons, none of which is *necessarily drug-related.*" (*Taylor, supra,* 105 Cal.App.4th at pp. 1398–1399, italics added; see also p. 1399, fn. 7 ["[N]ot every appointment with a probation officer is drug-related"].) The *Taylor* court clarified that "[w]e hold here only that when the probation violation is the failure to appear for an appointment to be *tested,* then the appointment is a drug-related condition." (*Id.* at p. 1399, fn. 7, italics added.) Here, Johnson never reported to the probation officer.

The *Davis* decision is inapposite because it does not address the issue of whether a Proposition 36 probationer's failure to report to the probation officer is necessarily a violation of a drug-related condition of probation. The issue presented in *Davis* was whether the defendant, who had been ordered to attend drug court as a condition of his Proposition 36 probation, violated a drug-related condition of that probation by failing to appear in drug court. (*Davis, supra,* 104 Cal.App.4th at pp. 1446–1447.)

■ We conclude that the court had discretion under section 1210.1, subdivision (e)(2) (see fn. 10, *ante*) to deny Johnson another reinstatement of Proposition 36 probation, and to commit her to prison, because she had repeatedly violated a "non-drug-related" condition of her Proposition 36 probation by refusing to report to her probation officer. Such a result is consistent with the intent and purpose of Proposition 36. Furthermore, as already discussed, "[t]he manifest purpose behind Proposition 36 [is] to divert into treatment those persons whose *only* offenses [are] nonviolent drug possession offenses." (*People v. Goldberg, supra,* 105 Cal.App.4th at p. 1208.) Here, as already noted, Johnson's criminal history does not consist only of nonviolent drug possession offenses; her prior strike was a conviction of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)).

Our conclusion that the court properly denied Johnson another reinstatement of Proposition 36 probation also finds support in the recent decision in *People v. Guzman* (2003) 109 Cal.App.4th 341 [134 Cal.Rptr.2d 727] (*Guzman*). There, the trial court placed the defendant on drug treatment probation under Proposition 36 in two separate cases, and the defendant thereafter failed to comply with any of the trial court's directives. (*Id.* at p. 343.) Like Johnson in this case, the defendant in *Guzman* did not report to the drug treatment center or to the probation officer, and he appeared in court involuntarily only after being arrested on a bench warrant. (*Ibid.*) At the probation violation hearing, the trial court revoked the defendant's probation, finding that he had refused drug treatment and thus was not amenable to treatment under Proposition 36. (*Ibid.*) Affirming the judgments, the Court of Appeal held that, while a defendant who commences drug treatment and then violates conditions of probation would be subject to section 1210.1, subdivision (e), which (as already discussed) gives offenders who violate probation several chances before permitting a trial court to impose jail or prison time, a trial court "can terminate the probation of a defendant who, by his conduct following the grant of probation *refuses to undergo drug treatment.*" (*Id.* at p. 350, italics added.) The *Guzman* court emphasized that "this is not a case in which a defendant commences drug treatment and falters. . . . This is a case in which defendant, by his acts and omissions, evinced a *complete and unequivocal refusal to undergo drug treatment.*" (*Ibid.,* italics added.)

■ Here, the record shows that Johnson, like the defendant in *Guzman,* demonstrated a "complete and unequivocal refusal to undergo drug treatment," thereby rendering herself ineligible for further probation under Proposition 36. (*Guzman, supra,* 109 Cal.App.4th at p. 350.)

In light of the foregoing conclusions, we need not address Johnson's contention that the court's August 9 revocation of her Proposition 36 probation was a violation of her due process rights because the People presented no evidence, and the court made no finding, that she either "pose[d] a danger to the safety of others" or was "unamenable to drug treatment" within the meaning of section 1210.1(e)(3)(B) (discussed, *ante*).

## II.

### *INEFFECTIVE ASSISTANCE OF COUNSEL*

Johnson also claims she was denied her state and federal constitutional right to effective assistance of counsel because her counsel (1) failed to ask the court to reinstate Proposition 36 treatment, (2) failed to ask the court to dismiss her prior strike in the interest of justice, and (3) improperly stipulated to a state prison term of 32 months without her consent in open court. We conclude that reversal is not required on this ground.

### A. *Applicable Legal Principles*

"The Sixth Amendment guarantees competent representation by counsel for criminal defendants[, and reviewing courts] presume that counsel rendered adequate assistance and exercised reasonable professional judgment in making significant trial decisions." (*People v. Holt* (1997) 15 Cal.4th 619, 703 [63 Cal.Rptr.2d 782, 937 P.2d 213], citing *Strickland v. Washington* (1984) 466 U.S. 668, 690 [80 L.Ed.2d 674, 104 S.Ct. 2052] and *People v. Freeman* (1994) 8 Cal.4th 450, 513 [34 Cal.Rptr.2d 558, 882 P.2d 249].) "[I]n appropriate instances, trial judges . . . have the power to grant a new trial based on ineffective assistance of counsel." (*People v. Lagunas* (1994) 8 Cal.4th 1030, 1036 [36 Cal.Rptr.2d 67, 884 P.2d 1015].)

To prevail on a claim of ineffective assistance of counsel, the defendant must establish both "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, a determination more favorable to defendant would have resulted." (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126 [36 Cal.Rptr.2d 235, 885 P.2d 1], italics omitted.) As to the prejudice component, the California Supreme Court has held that a " 'reasonable probability is a probability sufficient to undermine confidence in the outcome' " of the prosecution. (*People v. Cox* (1991) 53 Cal.3d 618, 656 [280 Cal.Rptr. 692, 809 P.2d 351].)

"If the defendant makes an insufficient showing on either one of these components, the ineffective assistance claim fails." (*People v. Rodrigues, supra*, 8 Cal.4th at p. 1126.) " '[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.' " (*People v. Cox, supra*, 53 Cal.3d at p. 656, quoting *Strickland v. Washington, supra*, 466 U.S. at p. 697.) "A court reviewing the conduct of counsel must in hindsight give great deference to counsel's tactical decisions. [Citation.]" (*People v. Holt, supra*, 15 Cal.4th at p. 703.)

### B. *Analysis*

#### 1. *Failure To Ask the Court To Reinstate Proposition 36 Probation*

Johnson complains that defense counsel's representation fell below an objective standard of reasonableness because he did not independently evaluate Johnson's eligibility for Proposition 36 treatment and did not argue that she was eligible for such treatment. She asserts there was no tactical reason for counsel's failure to argue that she remained eligible for reinstatement of Proposition 36 probation. The record, however, shows that Johnson was ineligible for reinstatement of probation because she had a prior strike for purposes of the three strikes law.[11]

The probation report filed on September 23 for the court's consideration during sentencing noted as a circumstance in aggravation that Johnson "has engaged in violent conduct in the past[,] which indicates a serious danger to society." The report noted further that Johnson had suffered a prior strike conviction of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) within the meaning of the three strikes law and concluded she was "absolutely ineligible for a grant of probation pursuant to [section] 667 [, subdivision] (c)(2)."[12]

---

[11] As we shall discuss, *post*, Johnson suffered no prejudice as a result of her counsel's failure to request dismissal of her strike prior.

[12] Section 667, subdivision (c)(2), provides: "(c) Notwithstanding any other law, *if* a defendant has been convicted of a felony and it has been pled and proved that *the defendant has one or more prior felony convictions* as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶] (2) *Probation for the current offense shall not be granted*, nor shall execution or imposition of the sentence be suspended for any prior offense." (Italics added.) Subdivision (d)(1) of that section provides: "(d) Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as: [¶] (1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." (Italics added.) Section 667.5, subdivision (c)(8) provides: "(c) For the purpose of this section, 'violent felony' shall mean any of the following: [¶] . . . [¶] (8) Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice . . . ." Section 1192.7,

At the sentencing hearing, with Johnson present in court, the court agreed with this analysis and found that Johnson was ineligible for probation. Defense counsel confirmed that Johnson had suffered the strike prior and stipulated that she should be sentenced to the prison term of 32 months that the court ultimately imposed in this matter.

We conclude that Johnson was ineligible for reinstatement of Proposition 36 probation under section 1210.1(b)(4), which provides: "(b) Subdivision (a) [i.e., Proposition 36 probation] does not apply to . . . the following: [¶] . . . [¶] (4) *Any defendant who refuses drug treatment as a condition of probation.*" (Italics added.)

Johnson had an abysmal probation record. The September 23 probation report shows that in 1996, in another case (No. M725807), Johnson was granted probation, which was revoked in 1997. Probation in that matter was reinstated in October 2000 and revoked in December of that year. Probation was again reinstated in May 2001 and revoked in July of that year; reinstated a few days later and revoked in September 2001; reinstated in January and revoked in March; reinstated in April and revoked in May.

Johnson was granted probation in another prior case (No. M814489) and was responsible for a similar series of probation revocations and reinstatements.

Here, as already discussed, Johnson was granted Proposition 36 probation, which was revoked in March, reinstated in April, and revoked again in August. As already discussed, Johnson repeatedly violated her Proposition 36 probation by failing to report to the probation officer and by never enrolling in the court-ordered drug treatment program.

■ Based on the foregoing record, it is apparent from Johnson's repeated and flagrant violations of probation that she has, in effect, "refuse[d] drug treatment as a condition of probation" within the meaning of section 1210.1(b)(4) (discussed, *ante*), and is thus ineligible for another reinstatement of Proposition 36 probation. We are persuaded that the voters did not intend Proposition 36 to apply to a convicted drug offender, such as Johnson, who has been placed repeatedly on Proposition 36 probation and has repeatedly

---

subdivision (c)(8) defines "serious felony" to include "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ." Here, Johnson suffered the prior strike conviction after she was prosecuted for striking the victim in the head with a bottle, causing a wound that required 14 stitches.

violated the conditions of such probation by refusing to enroll in a drug treatment program and by refusing to report to the probation officer for an assessment of the probationer's performance on probation. In an appropriate case, a trial court may properly deem such conduct to be an implied refusal of "drug treatment as a condition of probation" within the meaning of section 1210.1(b)(4). (*Guzman, supra,* 109 Cal.App.4th at pp. 349–350 [holding that the trial court properly deemed the defendant to have refused drug treatment within the meaning of section 1210.1(b)(4), where the defendant "by his conduct following the grant of probation refuse[d] to undergo drug treatment"].)

■ Johnson's counsel was familiar with Johnson's history of serial probation violations. In light of Johnson's statutory ineligibility (discussed, *ante*), counsel had no professional obligation to make a request on her behalf for another reinstatement of Proposition 36 probation. It is regrettable that Johnson refused to participate in court-ordered drug treatment, but the consequences provided by law are hers to bear. We conclude that because defense counsel reasonably refrained from requesting reinstatement of Proposition 36 probation, he thus did not provide ineffective assistance of counsel as to this matter, and the court did not violate Johnson's right to due process by committing her to prison for a term allowed by law.

### 2. *Failure To Ask the Court To Dismiss Johnson's Prior Strike*

Johnson also contends she was denied effective assistance of counsel because her counsel failed to ask the court to dismiss her prior strike in the interest of justice under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] *(Romero)* and *People v. Williams* (1998) 17 Cal.4th 148 [69 Cal.Rptr.2d 917, 948 P.2d 429] *(Williams),* rendering her ineligible for "regular" probation under section 1203. We reject this contention.

### a. *Applicable Legal Principles*

■ In *Romero, supra,* 13 Cal.4th at pages 529–530, the California Supreme Court held that section 1385, subdivision (a) permits a trial court acting on its own motion to strike prior felony conviction allegations in cases brought under the three strikes law. The *Romero* court explained that the exercise of discretion under that subdivision is limited by the "amorphous" concept of "furtherance of justice," which requires consideration both of the constitutional rights of the defendant, and the interests of society represented by the People. (*Romero, supra,* at p. 530.)

In *Williams, supra,* 17 Cal.4th at page 161, the Supreme Court explained that "in ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to [section 1385, subdivision (a)], or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies."

b. *Analysis*

At the September 27 sentencing hearing, the court, relying on the probation report, found that Johnson was ineligible for probation based on her strike prior (discussed, *ante*). The court made that finding after learning the defense and the People had stipulated to the challenged "32-month low term" of imprisonment, which was double the low term "as mandated by law [i.e., by the three strikes law], because of the prior strike." The court noted as circumstances in mitigation that Johnson did not have a lengthy criminal record, and she voluntarily acknowledged wrongdoing at an early stage of the criminal process. The court also noted as circumstances in aggravation that Johnson had "engaged in violent conduct in the past, which indicate[d] a serious danger to society"; she was on probation on two misdemeanor matters when she committed the current drug possession offense, and "[h]er past performance on court probation was unsatisfactory."

The probation report properly concluded that as Johnson had admitted the strike prior, she was "absolutely ineligible for probation" under section 667, subdivision (c)(2) (discussed, *ante*).

On the record presented, we conclude that defense counsel's failure to ask the court to dismiss her prior strike in the interest of justice so as to make her eligible for traditional probation did not fall below an objective standard of reasonableness and thus did not constitute ineffective assistance. As already discussed, *ante*, Johnson's performance on probation was poor, and the court so found by concluding it was "unsatisfactory." The court properly found that Johnson's strike prior indicated she posed a "serious danger to society." In light of these factors, and Johnson's willingness to stipulate to the 32-month prison term the court imposed, it is apparent the court was disinclined to sua sponte strike Johnson's strike prior.

Even were we to conclude for purposes of this discussion that her counsel should have made a motion to dismiss the strike prior under *Romero, supra,* 13 Cal.4th 497, she has failed to show prejudice. The court's recognition that Johnson had repeatedly violated the conditions of her various probation placements, and that her past violent behavior indicated she posed a danger to society, establishes it is not reasonably probable the court would have stricken her strike prior had her counsel requested it.

### 3. *Stipulation to a State Prison Term of 32 Months*

We also reject Johnson's contention that she was denied effective assistance of counsel because her counsel stipulated to a state prison term of 32 months without her consent in open court. Johnson complains that she did not personally sign any form agreeing to that stipulation, she was never asked in open court whether she agreed to the sentence, and the court lacked authority to agree to the stipulation without obtaining her express agreement in open court.

For reasons already discussed, the court properly refused to reinstate Johnson's Proposition 36 probation and properly found that her strike prior rendered her ineligible for traditional probation. Her complaints that she did not sign a form or expressly state for the record that she agreed to the stipulated sentence are unavailing. The record shows that Johnson received effective assistance of counsel, she was present during the sentencing hearing, she did not object when her counsel stipulated to the sentence on her behalf and in her presence, and the court directed his remarks to her when it imposed the sentence and advised her of her right to appeal. Nothing in the record indicates that defense counsel's representation in this matter fell below an objective standard of reasonableness.

Johnson also complains that in exchange for her guilty plea and strike prior admission in January, the People agreed (among other things) to express no opposition to her participation in Proposition 36 drug treatment. Johnson overlooks the fact that the People in good faith kept their end of the plea bargain, that she was given multiple chances to benefit from Proposition 36 probation, and that she recalcitrantly refused to obey the conditions of probation.

### III.

### *RESTITUTION AND SUSPENDED PAROLE REVOCATION FINES*

Last, Johnson asserts that during sentencing, the court erroneously increased from $200 to $800 the original restitution fine it imposed in January

when it placed her on probation. She also maintains the court erroneously imposed at sentencing an additional $800 restitution, payment of which was suspended unless parole is subsequently revoked. The People concede the court erred by increasing Johnson's original restitution fine to $800, but contend the court properly imposed the new $800 fine.

The record shows that in January, when the court suspended imposition of sentence and placed Johnson on probation after she pleaded guilty to the current drug possession offense, it imposed a restitution fine in the amount of $200 under section 1202.4, subdivision (b).[13] At the time of sentencing, following the revocation of Johnson's probation, the court increased that restitution fine from $200 to $800, and imposed a suspended parole revocation fine in the amount of $800 under section 1202.45.[14]

In *People v. Downey* (2000) 82 Cal.App.4th 899 [98 Cal.Rptr.2d 627], the trial court placed the defendant on probation in November 1996 and imposed a restitution fine of $200. (*Id.* at p. 921.) When the trial court sentenced the defendant to prison in August 1999 following revocation of probation, it imposed a restitution fine of $600 and a suspended parole revocation fine of $600. Citing *People v. Chambers* (1998) 65 Cal.App.4th 819, 820–821 [76 Cal.Rptr.2d 732], the Court of Appeal in *Downey* held that the $600 fines were improperly imposed and concluded that each must be reduced to $200. (*People v. Downey, supra,* 82 Cal.App.4th at p. 921.)

Under the foregoing case authorities, we conclude the court erred by increasing to $800 the $200 restitution fine previously imposed under section 1202.4, subdivision (b), and by imposing a parole revocation fine in the amount of $800. We hold that each must be reduced to $200.

---

[13] Section 1202.4, subdivision (b)(1) provides in part: "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) *The restitution fine* shall be set at the discretion of the court and commensurate with the seriousness of the offense, but *shall not be less than two hundred dollars ($200).*" (Italics added.)

[14] Section 1202.45 provides: "In every case where a person is convicted of a crime and *whose sentence includes a period of parole,* the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine *in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4.* This additional restitution fine shall be suspended unless the person's parole is revoked." (Italics added.)

## DISPOSITION

The portions of the judgment imposing a restitution fine in the amount of $800 and a suspended parole revocation fine also in the amount of $800 are modified (1) to reinstate the $200 restitution fine the court originally imposed under section 1202.4, subdivision (b); and (2) to reduce from $800 to $200 the suspended parole revocation fine imposed under section 1202.45. In all other respects, the judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment in accordance with this disposition and deliver it to the Department of Corrections.

Huffman, Acting P. J., and McIntyre, J., concurred.

A petition for a rehearing was denied January 12, 2004, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied March 17, 2004.