Filed 11/5/14  P. v. Chandler CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058225 |
| v. | (Super.Ct.No. BAF1100733) |
| JON DEAN CHANDLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jorge C. Hernandez, Judge.  Affirmed.

Sheila Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Kristine Gutierrez and Laura A. Glennon, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Jon Dean Chandler appeals from the trial court's order of March 5, 2013, revoking his Proposition 36 probation and sentencing him to four years in prison.

1

Defendant argues he should be reinstated on probation because: (1) the trial court did not provide defendant with notice of and a hearing on the latest probation violation; (2) the trial court did not afford defendant three separate grants of probation; (3) the trial court based its decision on an erroneous misunderstanding that his prior strike made him ineligible for Proposition 36 probation; and (4) in the alternative, defense counsel was ineffective for failing to object to the court's erroneous misunderstanding regarding the effect of his prior strike on his eligibility for Proposition 36. As discussed below, we conclude that defendant became ineligible for reinstatement of probation under Proposition 36 because, under section 1210.1, subdivision (b)(4), he refused drug treatment after being ordered to re-enroll following his failure to complete the first drug treatment program.

## FACTS AND PROCEDURE

On December 25, 2011, defendant was found with 1.5 grams of methamphetamine in his pants pocket.

On February 7, 2012, the People filed a second amended complaint alleging defendant unlawfully possessed methamphetamine (Health & Saf. Code, §11377, subd. (a)). The People also alleged defendant had a prior strike conviction for dissuading a witness (Pen. Code, § 136.1, subd. (c)(1)).[1] On March 13, 2012, defendant pled guilty and admitted the strike prior. The trial court placed defendant on probation for three

---

[1] All section references are to the Penal Code unless otherwise indicated.

years and ordered him to enroll in a substance abuse program under Proposition 36 (§ 1210.1).

The minute order for April 17, 2012, states that the trial court revoked defendant's probation when he failed to appear for the scheduled substance abuse program enrollment hearing. Retained defense counsel stated defendant had not been in contact. The court issued a bench warrant for failure to appear and set bail at $50,000.

The minute order for April 18, 2012, states that defendant was to be arraigned on the bench warrant. The court recalled the bench warrant, reinstated defendant on Proposition 36 probation, and ordered him to provide proof of enrollment in a substance abuse program by April 24, 2012, and to return for all future hearing dates. The minute order reflects that defendant "Remains released on Probation."

On April 25, 2012, defendant provided proof of enrollment in a Substance Abuse Program.

On August 31, 2012, the Probation Officer prepared a violation of probation memorandum. The officer alleged defendant violated four conditions of his probation. First, defendant was discharged from the Riverside County Substance Abuse Program on July 17 after testing positive for drugs and failing to report to the program. Second, defendant failed to provide proof that he had ever attended Narcotics Anonymous meetings. Third, defendant failed to provide proof that he had registered with local law enforcement under Health and Safety Code, section 11590. Fourth, defendant failed to appear at a probation appointment scheduled for July 23. Notice of this violation was mailed to defendant's last known address.

On September 13, 2012, defendant was to be arraigned on his violation of probation. On that date he tested positive for drugs.[2] On defendant's motion, the trial court continued the hearing to September 24, ordered the bench warrant issued and held to September 24, and set bail at $25,000. Defendant's probation remained revoked.

Defendant was not present at the September 24, 2012, hearing. The trial court ordered the bench warrant released from the prior hold. Defendant's probation remained revoked.

On October 12, 2012 defendant appeared in court on the bench warrant and violation of probation arraignment. The hearing was continued to October 18, 2012. Defendant's bail was recalled, his probation remained revoked, he was remanded into custody and bail was set at $50,000.

On October 18, 2012, the hearing was continued to October 23.

On October 23, 2012, defendant showed the court a letter dated October 22 stating that he had been placed on a six-to-eight-month waiting list for a county-paid inpatient Substance Abuse Program. Defendant's probation remained revoked and the hearing was continued to November 8. Bail was set at $30,000.

On November 8, 2012, the trial court ordered defendant to drug test immediately. The test was positive. The court set a Proposition 36 eligibility hearing for November 27, 2012. The court remanded defendant into custody and set bond at $75,000.

---

[2] In a separate case, defendant was convicted of being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)) on July 9, 2012.

On November 27, 2012, defendant waived his rights and admitted that he violated probation by: (1) testing positive for drugs on September 13 and not enrolling in a substance abuse program; and (2) was convicted on July 9, 2012 of being under the influence. The trial court reinstated defendant in the Proposition 36 program and ordered him to appear in court on December 27, 2012 to provide proof of enrollment in a substance abuse program. Defendant accepted the terms of his probation and "remain[ed] released on Probation."

On December 19, 2012, defendant tested positive for amphetamine, marijuana and PCP. Also on that date a representative from the Riverside County Substance Abuse Program told the court, "Client is unwilling or unable to remain abstinent and is unable or unwilling to tell the truth. After some discussion client agrees that outpatient won't be the answer and the need to obtain inpatient treatment."

On December 27, 2012, defendant failed to appear to show proof that he had enrolled in a substance abuse program. The trial court[3] found defendant is not eligible for the Proposition 36 program, issued a bench warrant for failure to appear, and set bail

---

[3] Throughout this matter, defendant appeared before either of two different judges. Judge Jorge C. Hernandez presided over defendant's February 21, 2012, arraignment, March 13, 2012, plea hearing, September 13 and 24, 2012, violation of probation (VOP) arraignment hearings, December 19, 2012, ex parte bond hearing, February 1, 2013, VOP arraignment hearing, and March 5, 2013, sentencing hearing.
Judge Samuel Diaz presided over the April 17, 2012, proof of enrollment hearing, April 18, 2012, warrant arraignment, April 25, 2012, proof of enrollment hearing, October 12, 18 and 23, and November 8, 2012, VOP arraignment hearings, November 27, 2012, Proposition 36 eligibility hearing, and the December 27, 2012, program enrollment hearing at which he found defendant no longer eligible for Proposition 36 and subject to mandatory state prison time.

5

at $150,000. Defendant's probation "remains revoked." The court stated it was required to increase the bail amount because "this is a mandatory state prison commitment."

On February 1, 2013, defendant was arraigned on his violation of parole, after having been arrested. The trial court recalled the bench warrant. The People offered defendant 32 months in prison. Over defendant's strenuous objections, the court rejected the offer. The court referred the matter to Probation for a sentencing memo, set the report and sentence hearing for March 5, 2013, and ordered defendant to remain in custody without bail.

The probation report indicated that defendant stated he "stopped using meth but used vicodin . . . I . . . didn't want to shut my business down to go into residential treatment for 45 days. I did check myself into The Ranch detox program[4] for $300.00 to get off meth."

At the report and sentencing hearing held on March 5, 2013, defendant waived arraignment and requested immediate sentencing. The court sentenced defendant to four years in state prison.

This appeal followed.

**DISCUSSION**

As discussed below, we conclude that defendant's four arguments are moot because defendant made himself ineligible for probation under section 1210.1,

---

**4** Defendant told the probation officer that he checked into "The Ranch Recovery Detox in 2012 for seven days," but we cannot find any indication in the record that he provided proof of this to the trial court.

subdivision (b)(4), even though that was not the specific basis cited by the court at his arraignment on this latest violation of parole.[5] Specifically, defendant's persistent refusal over a period of five months to enroll and participate in a substance abuse program, after failing at the first substance abuse program, constituted a refusal of treatment, and therefore he became ineligible for probation.

The trial court properly revoked defendant's probation because his refusal to undergo drug treatment made him ineligible for probation under section 1210.1, subdivision (b)(4). Under Proposition 36, if a defendant is convicted of a nonviolent drug possession offense, the trial court must grant probation and drug treatment, and may not impose incarceration as a condition of probation. (§ 1210.1, subd. (a).) Proposition 36 gives offenders several chances at probation before permitting a court to impose jail time. (*In re Taylor* (2003) 105 Cal.App.4th 1394, 1397.)

The provisions giving offenders multiple chances at probation do not apply where the defendant has refused drug treatment as a condition of probation. (§ 1210.1, subd. (b)(4).) When a defendant makes no effort to comply with his or her drug treatment probation, the defendant may be deemed to have refused treatment. (*People v. Guzman* (2003) 109 Cal.App.4th 341, 349 (*Guzman*).) Failure to appear in court, failure to report to the probation officer (except when reporting for a drug test), and failure to enroll in the

---

[5] We must affirm a court's ruling if it is correct, even if we find it correctly based on a reason alternative to that given by the lower court. " ' " " "If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion." [Citation.]' [Citation.]" ' " (*People v. Jones* (2012) 54 Cal.4th 1, 50.)

court-ordered drug treatment program have been found to support a finding of ineligibility for reinstatement of Proposition 36 probation on the ground the defendant refused treatment. (*People v. Johnson* (2003) 114 Cal.App.4th 284, 303-304 (*Johnson*).)

The facts that indicate defendant in effect refused drug treatment under the rule set forth in *Johnson, supra,* 114 Cal.App.4th at page 284 are as follows. First, defendant failed to appear in court on December 27, 2012. The court scheduled that appearance date for the express purpose of allowing defendant to present proof that he had enrolled in a substance abuse program. The court noted that "I informed Mr. Chandler if he failed to appear today, he would no longer be eligible for Prop[osition] 36 pursuant to Penal Code Section 1210.1." The court refers to the hearing on November 27, 2012, at which defendant admitted to violating his probation and was reinstated on the condition he appear on December 27 to show proof of enrollment.

Second, defendant failed to enroll in a court-ordered treatment program. Although he did enroll in a program and provided proof to the court on April 25, 2012, the Riverside County Substance Abuse Program indicated that defendant was discharged from the program on July 17, 2012, for testing positive for drugs and failing to report to the program. After that initial enrollment, defendant never again enrolled in a drug treatment program.

Defendant argues his failure to enroll in drug treatment after his initial discharge in July of 2012 does not constitute "an outright refusal of drug treatment as contemplated by section 1210.1, subsection (b)(4), or an implied refusal as described in *Guzman* and *Johnson*, but instead is a case where appellant 'commenced drug treatment and faltered,'"

8

citing to *Guzman, supra,* 109 Cal.App.4th at pages 341, 349. We disagree. While defendant did "commence" drug treatment in April 2012 and "faltered" three months later in July, the court gave him five additional months, until December 2012, in which to enroll in drug treatment. Defendant simply did not do so, despite numerous court appearances[6] and a direct order from the court on November 27, 2012, to provide proof of enrollment by December 27. We find this to be an "'abysmal probation record' of 'repeated and flagrant violations of probation' [showing] that . . . he . . . has, 'in effect, refused[d] drug treatment as a condition of probation' and 'is thus ineligible for another reinstatement of Proposition 36 probation." (*People v. Bauer* (2011) 193 Cal.App.4th 396, 401.) For this reason, we affirm the trial court's order revoking defendant's probation and sentencing him to prison.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

KING
J.

CODRINGTON
J.

---

[6] Defendant appeared in court on September 13, October 12 and 23, and November 8 and 27, 2012

9