Filed 9/26/16  P. v. Garcia CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY GERALD GARCIA,<br><br>    Defendant and Appellant. | B270606<br><br>(Los Angeles County<br>Super. Ct. No. KA049022) |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner, Executive Director, Richard B. Lennon, California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Anthony Gerald Garcia appeals from the postjudgment order denying his petition to recall his sentence and for resentencing pursuant to Penal Code section 1170.126,[1] added by Proposition 36 (or Act).[2] He contends the Proposition 36 court erred, because the fact he had a gun during a police pursuit does not establish he was armed with a firearm. His position is "armed" within the meaning of the Act requires the defendant have "the weapon available for use in furtherance of the commission of the [subject] offense," which "in turn requires that the arming and the offense be separate, but 'tethered,' such that the availability of the weapon facilitates the commission of the offense."

We affirm the order. The Proposition 36 court found "[d]uring the commission of the current offense, the defendant . . . was armed with a firearm," which is an expressly enumerated factor for disqualifying, or rendering ineligible, a defendant for resentencing under Proposition 36 (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii). This finding is legally sound and supported by substantial evidence. Defendant's proposed definition of "armed" has no merit.

## BACKGROUND

The evidence established that on June 29, 2000, defendant borrowed a car from an acquaintance to go out with friends that evening. He did not return it at the agreed-upon time. At about 4:00 a.m. on June 30, a uniformed police officer observed defendant driving the car towards him without any headlights on. Although he flashed the high

---

[1] All further section references are to the Penal Code unless otherwise indicated.

[2] "On November 6, 2012, the electorate passed Proposition 36, the Three Strikes Reform Act of 2012 . . . . Proposition 36 reduced the punishment to be imposed with respect to some third strike offenses that are neither serious nor violent, and provided for discretionary resentencing in some cases in which third strike sentences were imposed with respect to felonies that are neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 679 (*Johnson*).) Proposition 36 was effective on November 7, 2012. (*Id.* at p. 680.)

beams of his marked police vehicle several times, defendant did not turn on his lights. Defendant then drove his car at 20 to 30 miles per hour through a stop sign.

The officer made a U-turn, activated his full rotator lights, and began following defendant, who was then proceeding at about 50 miles per hour. Although the officer turned on his siren, defendant drove through several more stop signs at about 70 miles per hour on the residential streets. Defendant drove onto the 210 Freeway, exited at the next off-ramp, and immediately went up the on-ramp. While the officer's vehicle was "inches" behind his at the top of the ramp, defendant slowed down his car and jumped from the driver's seat. He then ran across the freeway and into some bushes on the hillside opposite. Two other men were in the car.

Another officer and a K-9 unit found defendant hiding under the bushes. Although he had been observed wearing a hat, shirt and shoes as he exited the car and ran across the freeway, he was not wearing those items at the time of his arrest.

The lender of the car told police that on recent occasions she had seen defendant carrying a revolver. Shortly afterward, police officers searched the hillside where defendant had been hiding and recovered a loaded .22-caliber revolver, which had been covered by leaves. Near the gun they also found a shoe, a hat, and a shirt.

No defense evidence was presented. Defense counsel argued the evidence did not establish either that defendant was the driver or that he possessed the gun.

The jury convicted defendant of evading a peace officer with willful or wanton disregard for safety (Veh. Code, § 2800.2, subd. (a)); possession of a firearm by a felon (former § 12021, subd. (a)(1) [now § 29800, subd. (a)(1), as amended by Stats. 2010, ch. 711, § 6]); and carrying a loaded firearm not registered to him (former § 12031, subd. (a)(2(F) [now § 25850, subd. (c)(6), as amended by Stats. 2011, ch. 15, § 544]). The trial court found he had sustained two prior serious felony convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served a

prior prison term (§ 667.5, subd. (b)). He was sentenced to prison for 25 years to life. This court affirmed the judgment from which he appealed.[3]

On May 17, 2013, defendant filed a petition to recall his sentence and for resentencing on each of his felony convictions in counts 1 through 3.

On June 14, 2013, the Proposition 36 court issued an order to show cause why the petition should not be granted. The People filed opposition and supplemental opposition. Defendant filed a reply.

On February 1, 2016, at the hearing on the petition, the Proposition 36 court recited the evidence as showing that while defendant was in the car he was dressed but when he was found hiding in some bushes across the freeway, he was not. His hat, shirt, and a handgun, which was a revolver, were found near where he had been hiding. The friend who loaned him the car reported she had seen defendant with a gun previously. Defense counsel offered: "As to the gun, you left out the fact that the gun was found eight hours later . . . ." He added that, although his shoes were found at the time of arrest, the gun was found eight hours later on the hillside. The court asked, "Where he had hid it?" Counsel responded, "Yes." He qualified his response by explaining "[n]ot exactly where, but—" By way of clarification, the court stated "[i]n the nearby vicinity was what I think the evidence showed." The prosecutor argued: "Under the cases the proximity of the gun and the fact he exited the car with the gun would show that he was armed with the weapon for offensive or defensive use." She added the gun was loaded.

Defense counsel objected that the prosecutor "said he was seen exiting the car with the gun." The court responded: "I know that's not correct." Counsel argued "[t]he gun could have been on the hillside for hours before it was [found]." The court countered "[e]xcept that someone also saw him with that very gun" on a previous occasion. Counsel objected "[s]omeone saw him with a gun that was old and black," which was

---

[3]     The above background is taken from the earlier unpublished opinion (B146467), of which we take judicial notice. (Evid. Code, §§ 452, subd. (d)(1), 459.)

4

never identified as the same gun. The court responded: "Well, it had the same description. It was a black revolver that was found."

At the conclusion of the hearing, the court ruled defendant "is statutorily ineligible for recall and resentencing because he was armed with a firearm during the commission of the offense. That's the order."

DISCUSSION

1. *"Armed" Finding Was Legally Sound and Supported by Substantial Evidence*

Defendant contends the trial court erred in finding he was armed with a firearm during the commission of the current three offenses. We disagree.

"'Armed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively. [Citations.]" (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*).) "'It is the availability— the ready access—of the weapon that constitutes arming.'" (*People v. Bland* (1995) 10 Cal.4th 991, 997, quoting *People v. Mendival* (1992) 2 Cal.App.4th 562, 574; accord, *People v. White* (2014) 223 Cal.App.4th 512, 524.)

The factual findings of the Proposition 36 court are reviewed for substantial evidence. (*People v. Dove* (2004) 124 Cal.App.4th 1, 10; *People v. Johnson* (2003) 114 Cal.App.4th 284, 290.) Under the applicable review standard, we examine the evidence, both direct and circumstantial, in light of the entire record and must indulge in favor of the order all presumptions as well as every logical inference that the court could have drawn from the evidence. (*People v. Maury* (2003) 30 Cal.4th 342, 396; *People v. Carter* (2005) 36 Cal.4th 1114, 1156; *People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) The reviewing court "uphold[s] any express or implied factual findings of the court that are supported by substantial evidence." (*People v. Robinson* (2010) 47 Cal4th 1104, 1126.)

Based on our review of the record, which includes relevant portions of the reported transcript of the trial, we conclude substantial evidence supports the express and implied factual findings of the Proposition 36 court in ruling defendant was armed with a firearm during the commission of the current offenses. The court expressly found that the black revolver found under covered leaves near the spot on the hillside where

5

defendant hid from the officers was the same gun the lender of the car had seen in defendant's hand while in her car on a prior occasion and that she saw defendant had about the day of the incident. At trial, the testimony of the lender established that on a couple of occasions she had seen defendant with a gun. The first time was a couple of weeks prior to this incident when he held the gun in his hand as they were travelling in her car. She had loaned her car to defendant in the past. The second time was on or about the same day as the incident. She described the gun as black and looking old with a cylinder that spins, i.e., a revolver. The revolver recovered from the hillside near the shoes, hat, and shirt was loaded. The trial court impliedly found defendant had "ready access" to the gun during the commission of the current offenses. This finding is supported by the reasonable inference defendant necessarily had the gun with him when the officer first flashed his high beams and throughout the incident, because after exiting his car, defendant fled across the freeway and hid in the bushes where the police found concealed nearby his discarded clothing, shoes, and gun.

2. *"During the Commission of" Requirement Does Not Necessitate Facilitative Nexus*

"During the commission of the current offense" (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)) signifies there must be "a temporal nexus between the arming and the underlying felony, not a facilitative one." (*Osuna*, *supra*, 225 Cal.App.4th 1020, 1032; accord, *People v. Hicks* (2014) 231 Cal.App.4th 275, 284.) Defendant acknowledges these authorities but invites this court to part company with them and hold, instead, that "the arming and the offense [may] be separate, but 'tethered,' such that the availability of the weapon facilitates the commission of the offense." We decline. His proposed definition of the above quoted phrase is contrary to established law and unaccompanied by persuasive argument supported by applicable authority. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 65; *People v. Bryant, Smith, and Wheeler* (2014) 60 Cal.4th 335, 363-364; *In re S.C.* (2006) 138 Cal.App.4th 396, 410.)

DISPOSITION

The order appealed from is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                                    BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.