Filed 12/21/15  P. v. Pickett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077422 |
| v. | (Super. Ct. Nos. 14F135, 13F6732 ) |
| JENELL WIND PICKETT, | |
| Defendant and Appellant. | OPINION ON DISMISSAL |

Defendant Jenell Wind Pickett claims this court must remand her matter for resentencing or permit her to withdraw her plea because her plea agreement provided for a 10-year split sentence and she was instead sentenced to serve 9 years in county jail. The People argue this court lacks jurisdiction to entertain defendant's challenge because she did not appeal the order imposing this sentence. As defendant did not appeal from the order granting probation in which the sentence was imposed and execution suspended, but from the subsequent order revoking defendant's probation and requiring

1

her to serve the previously imposed sentence, we agree with the People and dismiss the appeal.

A detailed recitation of the facts is unnecessary to the resolution of this appeal. Defendant pleaded no contest to bringing a controlled substance into a county jail (Pen. Code, § 4573[1]) in case No. 13-06732, transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)) and three counts of receiving stolen property (§ 496, subd. (a)), and admitted an on-bail enhancement (§ 12022.1, subd. (b)) in case No. 14-00135, in exchange for a stipulated 10-year split sentence pursuant to section 1170, subdivision (h),[2] referral to the "re-entry court" for supervision, and dismissal of other charges. In the plea agreement, defendant acknowledged the maximum period of incarceration she may have to serve would be 10 years, and her maximum period of probation would be 5 years.

On April 7, 2014, the trial court pronounced judgment and sentence in both cases. After considering the report of the probation officer and the stipulation of counsel that the maximum period of confinement was 9 years rather than the previously agreed-upon 10

---

[1] Undesignated statutory references are to the Penal Code.

[2] When defendant was sentenced, section 1170, subdivision (h)(5), provided, in relevant part, a defendant sentenced to county jail pursuant to the provisions of section 1170 could be sentenced either: "(A) For a full term in custody as determined in accordance with the applicable sentencing law," or "(B) (i) For a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court. The period of supervision shall be mandatory, and may not be earlier terminated except by court order," which period is known as "mandatory supervision." (Stats. 2013, ch. 508, § 5.)

years, the trial court sentenced defendant to serve an aggregate term of 9 years -- the upper term of 4 years for transportation of a controlled substance, a consecutive 2 years for the on-bail enhancement, 3 consecutive 8-month terms for the receipt of stolen property offenses, and a consecutive 1 year for bringing a controlled substance into jail. The trial court suspended execution of the sentence for 3 years and ordered defendant to formal probation under enumerated terms and conditions.[3]

One week later, defendant's probation was revoked and reinstated following her termination from a residential treatment facility. Then, in June 2014, defendant's probation was again revoked and reinstated, this time following her failure to report to the probation department and failure to keep her global positioning system monitor charged. Finally, in July 2014, defendant's probation was revoked after her failure to (1) keep her monitor charged, (2) appear in court, (3) enter a treatment program, and (4) stay away from a location as required by the conditions of her probation.

After she admitted violating her probation, defendant requested that a split sentence be imposed. The People argued defendant had been granted a suspended sentence even though she was presumed ineligible for probation, and she had already "been sentenced to nine years." Defendant's counsel responded that the plea agreement had initially been premised on a split sentence, and that agreement had been "amended" to order defendant on probation with a suspended sentence. On September 8, 2014, the

---

[3] The judgment was subsequently amended by the trial court on July 28, 2014, to indicate defendant's confinement was to "local prison" pursuant to section 1170, subdivision (h), rather than state prison.

3

trial court terminated defendant's probation and ordered her to county jail to complete the sentence previously imposed. It is from this order defendant appeals.**4**

Pursuant to section 1237, subdivision (a), a defendant may appeal from an order granting probation. "In general, an appealable order that is not appealed from becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citations.] Thus, a defendant who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant or modification of probation in a later appeal from a judgment following revocation of probation. [Citations.]" (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421; see also *People v. Dagostino* (2004) 117 Cal.App.4th 974, 997 [failure to file a timely notice of appeal from the court's order granting conditions of probation bars challenge to conditions from being raised on appeal from a later order revoking probation]; accord *People v. Kelly* (2013) 215 Cal.App.4th 297, 307 [involving failure to appeal from an order imposing and suspending execution of a sentence and granting probation].)

Here, defendant did not timely appeal the April 2014 order granting probation in which the 9-year sentence was imposed. (See Cal. Rules of Court, rule 8.308(a) ["notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed"].) Therefore, defendant is jurisdictionally foreclosed in this court from raising any issues relative to that judgment, including whether a split sentence should have been imposed.

---

**4** Defendant filed a notice of appeal on September 11, 2014. Even if this notice were construed as a notice of appeal from the April 7, 2014 judgment, it would be untimely because it was filed more than 60 days after the judgment. (See Cal. Rules of Court, rule 8.308(a).) In her briefs, defendant does not claim she meant this appeal to apply to the April 7, 2014 judgment, but argues the breach of the plea agreement arose on September 8, 2014.

DISPOSITION

The appeal is dismissed.


<u>          /s/            </u>

HOCH, J.

We concur:


<u>          /s/          </u>

BLEASE, Acting P. J.


<u>          /s/          </u>

BUTZ, J.