Filed 4/15/16  P. v. Clark CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076978 |
| v. | (Super. Ct. Nos. 131225, 12286) |
| JERRED ADAM CLARK, | |
| Defendant and Appellant. | |

Defendant Jerred Adam Clark challenges the propriety of a restitution fine imposed on him by the trial court in 2013 pursuant to Penal Code section 1202.4, subdivision (b)(1).[1]  He claims that because the trial court improperly "stayed" a portion of the fine, the fine is unauthorized and must be either stricken in its entirety or reduced to the initially unstayed amount only.  He did not, however, *appeal* from the order of

---

[1]    Undesignated statutory references are to the Penal Code.

1

probation in which the fine was imposed.  He filed his notice of appeal in 2014, after the trial court revoked his probation and sentenced him to state prison.

We conclude we lack jurisdiction to review the propriety of the challenged fines imposed in 2013.  We do, however, have jurisdiction to review the fines imposed in 2014, the orders from which defendant appeals.  We will impose the mandatory postrelease community supervision revocation restitution fines that were not imposed when the trial court sentenced defendant to state prison in 2014.  We also order a correction of the abstract of judgment to reflect the correct case number for an amount still owing on a probation revocation restitution fine for a misdemeanor conviction.  In all other respects, we affirm the judgment.

BACKGROUND

A recitation of the facts underlying defendant's convictions is unnecessary to the resolution of the instant appeal.  We provide the following summary of the pertinent procedural history of the relevant criminal proceedings.

In case No. 12-0286, defendant pleaded guilty to inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)) and admitted a prior domestic violence conviction (former § 273.5, subd. (e), Stats. 2007, ch. 582, § 1) in exchange for three years' probation and a dismissal of other charges.  In 2012, the trial court suspended imposition of sentence, granted defendant probation for a period of three years, and imposed, in addition to other statutory fines and fees, a restitution and a probation revocation restitution fine of $1,200 each.[2]  However, the trial court "stayed" all but $240

---

[2]    As part of this same plea agreement, defendant admitted a violation of probation in another case in exchange for a sentence of 90 days in jail, pleaded guilty to petty theft in another case in exchange for a terminal sentence of 90 days, and pleaded guilty to violation of a protective order (§ 166, subd. (c)(1)) in another case for a terminal sentence with credit for time served.

of the restitution fine, with "the stay to be lifted and the remaining fine of $960.00 to be imposed only in the event that defendant is sentenced to state prison as a result of a violation of probation."

In case No. 13-1225, defendant pleaded guilty to a misdemeanor criminal threat (§§ 17, subd. (b), 422), inflicting corporal injury on a spouse or cohabitant (§ 273.5), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), and willfully and knowingly violating a protective order within seven years of a prior conviction for violating a protective order by an act involving violence or a credible threat of violence (§ 166, subd. (c)(4)). For both the infliction of corporal injury and the violation of the protective order, defendant admitted prior domestic violence and other convictions. In exchange for this plea, defendant was promised five years' probation including up to 365 days in county jail and a dismissal of other charges.[3] Defendant also admitted this conduct constituted a violation of his probation in case No. 12-0286.

Following his plea agreement, in October 2013 the trial court sentenced defendant, in case No. 13-1225, to serve an aggregate term of six years eight months, suspended execution of sentence, and granted defendant probation for a period of five years. At the same time, in case No. 12-0286, the trial court suspended execution of sentence and reinstated defendant's probation on the same terms and conditions previously ordered. In addition to other statutory fines and fees, the trial court imposed the following: in case No. 13-1225, a restitution fine of $6,720 and an equivalent probation revocation restitution fine of $6,720, suspended, for defendant's felony convictions, and a restitution fine of $140 and an equivalent probation revocation restitution fine of $140 for the

---

[3] As part of the same plea agreement, defendant pleaded guilty to intentionally and knowingly violating a domestic violence protective order as charged in another case. (§ 273.6, subd. (a).) In exchange for that plea, defendant was promised a concurrent sentence, fines, and fees.

3

misdemeanor; however, the trial court "stayed" all but $280 of the restitution fine, with "the stay to be lifted and the remaining fine of $6,440.00 to be imposed only in the event that defendant is sentenced to state prison or a local prison commitment as a result of a violation of probation." And in case No. 12-0286, the trial court imposed the previously suspended probation revocation restitution fine of $1,200.

Subsequently, defendant violated his probation in both cases, and, in January 2014, the trial court ordered the previously imposed but suspended probation revocation restitution fine in case No. 13-1225 to be paid in the amount of $1,340 (instead of the $6,720 initially imposed). The trial court then reinstated defendant's probation in both cases on the same terms and conditions previously imposed.

After further violations of probation, the trial court, in July 2014, lifted the stay on defendant's suspended six-year eight-month prison term in case No. 13-1225 and imposed a concurrent term of two years in case No. 12-0286 with incarceration to be followed by three years on parole or on postrelease community supervision. Additionally, the trial court imposed the previously stayed portion of the restitution fines in case No. 13-1225 and in case No. 12-0286.[4]

---

[4]     The trial court also acknowledged defendant had paid $0.43 toward the restitution fine and $2.06 toward the probation revocation restitution fine in case No. 13-1225, and had paid $138.16 toward the restitution fine in case No. 12-0286. For the sake of clarity, we refer to the fines in the amounts imposed without crediting the amounts paid by defendant. We acknowledge, however, the total amounts to be paid should take into consideration any payments defendant has made toward the fines imposed.

We also note the abstract of judgment properly reflects the $140 probation revocation restitution fine for the misdemeanor (as part of the $1,337.04 remaining due for that fine) in case No. 13-1225. However, it appears the $140 restitution fine for the misdemeanor is incorrectly reflected as part of the amount still due (indicated as $1,301.84) in case No. 12-0286. This error must be corrected.

DISCUSSION

Defendant argues the restitution fine imposed by the trial court in October 2013 in case No. 13-1225 is unauthorized because the trial court lacked statutory authority to stay any portion of the restitution fine.[5] The People argue that though the trial court lacked authority to stay a portion of the restitution fine imposed in either case No. 12-0286 or case No. 13-1225,[6] the fines were authorized and any error has since been cured. We conclude the time to appeal the orders imposing the restitution fines has long since passed, rendering defendant's claim noncognizable.

Pursuant to section 1237, subdivision (a), a defendant may appeal from an order granting probation. "In general, an appealable order that is not appealed from becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citations.] Thus, a defendant who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant or modification of probation in a later appeal from a judgment following revocation of probation. [Citations.]" (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421; see also *People v. Dagostino* (2004) 117 Cal.App.4th 974, 997 [failure to file a timely notice of appeal from the court's order granting conditions of probation bars challenge to

---

[5]    It does not appear defendant is challenging the $1,200 restitution fine imposed in 2012 in case No. 12-0286. We note the restitution fine in case No. 12-0286 and case No. 13-1225 was imposed in the same manner (i.e., a portion of the restitution fine being stayed). Thus, even if defendant intended to challenge the restitution fine in both cases, our analysis would be the same for the "stayed" restitution fines.

[6]    The People are correct in this regard. As stated in *People v. Woods* (2010) 191 Cal.App.4th 269, 272, "[t]here is no statutory authority which allows the . . . restitution fine . . . to be *stayed*." And contrary to defendant's assertion, the proper remedy to cure that error is simply to reverse the stay order, not to strike the entire fine or any portion thereof. (*Id.* at p. 273.) This remedy was effectively implemented by the trial court when it lifted the stay of the restitution fines.

conditions from being raised on appeal from a later order revoking probation].) Here, defendant did not timely appeal the orders granting probation in which the restitution fines were imposed. (See Cal. Rules of Court, rule 8.308(a) ["notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed"].) Thus, defendant is jurisdictionally foreclosed from raising any issues relative to the restitution fines imposed in 2012 and 2013.

We do, however, have jurisdiction to review the propriety of the orders imposed by the trial court in July 2014 that are the orders from which defendant appeals. In that regard, we note section 1202.45 requires the court to impose a parole revocation restitution fine or postrelease community supervision or mandatory supervision revocation restitution fine on any person convicted of a crime where the person's sentence includes a period of parole, postrelease community supervision, or mandatory supervision. That fine must be imposed in the same amount as the restitution fine imposed pursuant to section 1202.4, subdivision (b), and it remains suspended unless the person's parole, postrelease community supervision, or mandatory supervision is revoked. (§ 1202.45.) Here, the trial court did not impose any fines pursuant to section 1202.45 despite its indication defendant's imprisonment would be followed either by parole or by postrelease community supervision. Based on defendant's offenses, his incarceration will be followed by postrelease community supervision. (See §§ 3000.08, subds. (a)-(b), 3451.) Therefore, we impose the fines required by section 1202.45.

### DISPOSITION

We modify the judgment to impose fines of $1,200 in case No. 12-0286 and $6,720 in case No. 13-1335 pursuant to Penal Code section 1202.45, suspended unless defendant's postrelease community supervision is revoked. In all other respects, the judgment is affirmed. The clerk of the trial court is directed to amend the abstract of judgment reflecting these fines, to correct the abstract of judgment reflecting that the

6

amount still owing of the $140 restitution fine for defendant's misdemeanor conviction is owed in case No. 13-1225 instead of case No. 12-0286, and to forward a certified copy of the same to the Department of Corrections and Rehabilitation.


                /s/
        HOCH, J.

We concur:


      /s/
BLEASE, Acting P. J.


      /s/
BUTZ, J.